[No. 3503.]

## WEBERMEIER V. WHITE.

APPEALS—*Findings of Fact—Presumption.* Where the evidence heard in the court below is not set out in the record sent to this court, the findings below are conclusive as to the facts.

*Appeal from Phillips District Court.* HON. H. P. BURKE, Judge.

Mr. J. S. BENNETT, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

SCOTT, P. J., delivered the opinion of the court.

This is an action by the appellee to quiet title to southeast quarter of section 8, township 7, range 43 west, 6th P. M., in Phillips county. The abstract of record contains only the complaint and original answer, together with the court's findings and decree. The court, in its findings, refers to an amended answer, but if there was such an instrument filed, it does not appear in the abstract of record. The

abstract fails to show any of the testimony offered by either party—not even the tax deed upon which the appellant relies. The court's findings of fact and its judgment are, therefore, all that are before us for consideration. From these it appears that at one time, title to the premises was in one Robert Cummins, who gave a trust deed, to whom and in whose interest does not appear; that the trustee refused to act, and that in an action in the county court, by whom or against whom, or for what purpose, is not disclosed, but that the sheriff of the county was appointed by the court to act as trustee; and that foreclosure proceedings were then had and the premises sold thereunder, and a deed subsequently issued to The Commercial Investment Company, who in turn conveyed it to the plaintiff below, appellee here. The findings further show that the grantor in the trust deed was made a party defendant in the foreclosure proceedings, but that such grantor had, prior to the service of summons in that case, conveyed his equity to one Melissa Works. The court further finds that the appellant claims under an amended tax deed secured to remedy defects of a former tax deed admitted to be void on its face. That such amended tax deed was executed and delivered after a tender by the plaintiff to the county treasurer of the amount of money necessary to redeem the land from the sale upon which the tax deed was based. Further, the court finds that the tax deed relied on "conveys no title, because it is established by the evidence that the proceedings leading up to its issuance were void, by reason of a failure on the part of the county treasurer to make his affidavit of posting of notice of sale as

provided by law, and because the land was advertised for sale for an excessive amount.''

There being no evidence set out in the record, we must accept these findings as being conclusive as to the facts.

Then the defendant below had no title or evidence of title, either legal or equitable, upon which he could sustain his right to question the legality of the proceedings upon which the title of the plaintiff was based.

The judgment is affirmed.

All the judges concurring.